```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

OAKS                                          CIVIL ACTION

VERSUS                                        NO: 13-1637

WESTFIELD INS. CO., et al.                    SECTION: "J" (3)
```

## ORDER & REASONS

Before the Court is Plaintiff's **Motion in Limine (Rec. Doc. 17)**, Defendants' opposition (Rec. Doc. 23), and Plaintiff's reply memorandum (Rec. Doc. 30). The motion was set for hearing on January 15, 2014, on the briefs.[1] Having considered the motions and memoranda of counsel, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED** for the reasons set forth more fully below.

## FACTS AND PROCEDURAL HISTORY

This matter involves claims for personal injuries allegedly resulting from a simple rear-end collision. Plaintiff alleges that, while her vehicle was stopped at a red light, Defendant, who had also been stopped at the light, suddenly accelerated and rear-ended her vehicle causing certain injuries. (Rec. Doc. 1-1, pps. 1-2) The matter is set for a jury trial on March 10, 2014. At trial, Defendants seek to introduce the testimony of Dr. Richard Harding

---

[1] The oral argument scheduled for this motion on January 15, 2014 was cancelled in the Court's Order dated January 13, 2014. (Rec. Doc. 31)

1

("Dr. Harding"), an expert in "biomechanical engineering, impact kinematics and injury causation analysis," to prove that Plaintiff's claimed injuries were not caused by the collision at issue. (Rec. Doc. 23, p. 1) Plaintiff's instant motion seeks to exclude Dr. Harding's report and testimony.

## **LEGAL STANDARD AND DISCUSSION**

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony.  The rule states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.  The United States Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), provides the analytical framework for determining whether expert testimony is admissible under Rule 702. Both scientific and nonscientific expert testimony are subject to the Daubert framework, which requires trial courts to make a preliminary assessment of "whether the expert testimony is both reliable and relevant." Burleson v. Tex. Dep't of Criminal Justice, 393 F.3d 577, 584 (5th Cir. 2004); see also Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147 (1999).  When expert testimony is challenged under Daubert, the party offering the expert's testimony

bears the burden of proving its reliability and relevance by a preponderance of the evidence. Moore v. Ashland Chem. Co., Inc., 151 F.3d 269, 276 (5th Cir. 1998) *cert. denied*, 526 U.S. 1064 (1999).

In the instant case, based on the standard articulated above, the Court finds that the proposed expert testimony is inadmissible because it is (a) unreliable, (b) beyond the expert witnesses' expertise, and (c) unhelpful to the trier of fact.

Dr. Harding's proposed testimony is unreliable because the analyses and testing that he relied upon to arrive at his opinions are based upon insufficient facts and data. Dr. Harding did not inspect the actual vehicles involved in the collision at issue. Rather, he relied on previous testing on different vehicles than those involved in the accident. Further, the testing assumed certain facts as to the angle of the impact, etc.. Finally, Dr. Harding never personally examined the Plaintiff, yet he renders opinions on the causation of her injuries.

In addition to the testimony and report's foundations in insufficient data, the Court finds that Dr. Harding's opinions speak to matters beyond his expertise. Though Defendants present Dr. Harding as a "biomechanical expert," his biomechanical qualifications are only partially relevant because his report does not present solely a biomechanical analysis. Instead, Dr. Harding speaks to both biomechanics and medical causation by opining that

the force of the impact could not have caused Plaintiff's injuries. Dr. Harding is not qualified to testify about Plaintiff's medical condition because he is not board certified or qualified in any medical specialty, he has not practiced clinical medicine in over a decade, and he has never been licensed to practice medicine in the United States. Although he was at one time licensed to practice medicine in the United Kingdom, he has since lost his license due to inactivity. See Thomas v. G & K Servs. Co., et al., No. 01-1637, 2002 WL 34720493 *3 (E.D. La., Aug. 16, 2002) (Lemmon, J.). Moreover, Dr. Harding's "accident reconstruction" certification is irrelevant because his report does not reconstruct the exact accident at issue. Rather, he either re-created a loosely similar accident or relied on prior testing that presented an allegedly similar scenario.

    Finally, Dr. Harding's opinion will not assist the trier of fact in any way, but rather will likely confuse the jury or cloud its common sense fact-finding role. See, U.S. v. Wiley, 57 F.3d 1374, 1389 (5th Cir., 1995) (generally, expert testimony is unhelpful if it supplants the "jury's independent exercise of common sense.") (internal citation omitted). As this Court has previously held when determining the admissibility of expert testimony, in cases where there is a simple collision such as there was in this matter, "[t]he jury can assess credibility and make appropriate factual findings without the aid of any expert

testimony." Scineaux v. Empire Fire and Marine Ins. Co., No. 03-2947, 2005 WL 2050281 *2 (E.D. La., Aug. 9, 2005) (Barbier, J.) (excluding four experts in a "simple vehicular accident" because the primary issue would be credibility and the jury should be allowed to determine if plaintiff's or defendant's rendition of the accident was more plausible).

Accordingly,

Plaintiff's **Motion in Limine (Rec. Doc. 17)** is **GRANTED**. Dr. Harding's expert testimony and report shall be inadmissible at the trial on this matter.

New Orleans, Louisiana, this 16th day of January, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

5